## CIRCUIT COURT OF LOUDOUN COUNTY

Dominion Bank, N.A.

v.

Quail Creek Associates et al.

October 6, 1992

Case No. (Law) 13782

BY JUDGE THOMAS D. HORNE

This case came before the Court on Quail Creek Associates' motion filed pursuant to § 8.01–433, Code of Virginia, as amended. In order for the judgment debtor to prevail, it must demonstrate that there exists grounds constituting an adequate defense or set off were an action at law brought upon the note upon which judgment was confessed.

In their memorandum filed in support of their motion to set aside the confessed judgment, Quail Creek states:

> 2. While defendants admit being indebted to Dominion (though not in the exact amounts recited) directly or contingently, defendants deny that any indebtedness is due . . . .

Defendants then articulate the reasons why the indebtedness is not presently due and owing the Bank. They make no representations as to what they consider the amount of the indebtedness. In summary, the Defendants contend that the "course of dealing" between these parties over a period in excess of twenty years was:

> in fact that there was no maturity on an indebtedness other than that it had to be paid in a reasonable period of time as each project matured.

The Court agrees with the argument of Dominion that such a position is contrary to the express provisions of § 8.1–205(4), Code of Virginia, as amended, where it is provided:

> (4) The express terms of an agreement and an applicable course of dealing or usage of trade shall be construed wher-

ever reasonable as consistent with each other; but when such construction is unreasonable express terms control both course of dealing and usage of trade and course of dealing controls usage of trade.

The instant deed of trust demand note contains a maturity date of May 1, 1992. Furthermore, the note specifically provides for an extension of the maturity date to November 1, 1992, provided certain conditions are met, and at the sole option of the Bank. Quail Creek nowhere suggests that the conditions for extension of the maturity date have been complied with as a precursor to setting aside the judgment by default.

In his Opinion and Final Judgment Order of August 13, 1992, the Honorable John E. Wetsel, Jr., Judge of the Circuit Court of the City of Winchester determined, *inter alia*, in an action brought by Dominion Bank, N.A., against another corporate entity controlled by Parnell J. Porter and Benjamin Weiner, that:

> The stated maturities in any loan document by Parnell J. Porter or Benjamin Weiner or any entity controlled by them in favor of Dominion or Dominion Shenandoah reflected the understanding of the parties as to the actual maturity date.

[*Dominion Bank, N.A. v. Westside Station, Inc.*, 28 Va. Cir. 483, 488 (1992)].

Parnell J. Porter, Barbara B. Porter, Benjamin Weiner and Frances Weiner are guarantors under a guarantee with the loan to Quail Creek and against whom judgment was confessed in accordance with paragraph 5.16 of the Guarantee Agreement. Parnell J. Porter and Benjamin Weiner are partners in Quail Creek Associates, a Virginia General Partnership.

While the Guarantee Agreement states in the typewritten preamble of the agreement that "Signet Bank, N.A." is the stated beneficiary, the document is signed by the Assistant Vice President of Dominion Bank of Northern Virginia, N.A. As counsel for Dominion have observed, handwritten terms control typewritten terms when construing the note. § 8.3–118, Code of Virginia, as amended. The nature of the parties is further clarified in the loan commitment dated October 1, 1990, between Dominion and the Defendants bearing the signatures of acceptance on behalf of Quail Creek and of the guarantors. Clearly, the inclusion of Signet Bank was a scrivener's error which would not absolve either Quail Creek or the guarantors of

liability under the note. In addition, the Defendants offered no evidence or proffers which would indicate anything to the contrary.

In summary, the Court adopts the various arguments set forth by Dominion in rejecting the petition of the Defendants. Even were the Court to find that Defendants are not barred under the doctrine of collateral estoppel from asserting a "course of dealing" defense in this case, it would, as a matter of law, be required to find that such a course of dealing could not be used to vary the unequivocal express term of the agreement. *J. R. Hale Contracting Company, Inc. v. United New Mexico Bank*, 110 N.M. 712, 799 P.2d.581 (1990). Furthermore, as the Bank suggests there is no showing by the Defendants as to when the demand note might mature if not on the stated maturity dates. The Court does not believe that the provisions of §8.1–204(3) would be applicable to this case because a specific time has been agreed upon and that time is contained in the note.

Accordingly, the Court will deny the Motion to Set Aside the Judgment by Confession.